■ Cypress Hills Cemetery, Appellant, v. Werner & Acker Cypress Hills Florists, Inc., Respondent. (And Another Action.) — Resettled order of the Supreme Court, Kings County, dated February 1, 1966, modified by adding to the decretal paragraph which dismissed the complaint against respondent a provision granting leave to appellant to serve a further amended complaint. As so modified, order affirmed insofar as appealed from, with $20 costs and disbursements to appellant. The time to serve the further amended complaint is extended until 20 days after entry of the order hereon. Judgment of said court, dated February 4, 1966, reversed, without costs. Plaintiff, a cemetery corporation, sued to terminate a provision of an arbitration award, pursuant to the terms thereof. Special Term, upon searching the record in respect to plaintiff's motion to strike defenses, held that plaintiff had no capacity to sue and dismissed the complaint pursuant to statute (CPLR 3211, subd. [a], par. 3). The critical clause which we must construe provides: "There exists a binding agreement between Cypress Hills Cemetery and

Emily C. Haas that the Cemetery will not render any care service or engage in the sale of plants, flowers, wreaths, evergreens or spreads of any kind. Such agreement shall remain in full force and effect until such time as the Cemetery or its plot owners can demonstrate in a proper tribunal that the Cemetery requires the revenue to be derived from seasonal care income or special care service or the sale of plants, flowers, wreaths, evergreens or spreads of any kind for current and perpetual maintenance and preservation of the Cemetery and that the deprivation of such income is the substantial cause of (a) the Cemetery's inability to maintain itself; or (b) that the plot owners are adversely affected by the agreement." The clear expression of that provision is that plaintiff and the plot owners each have an independent right to seek termination of the agreement on either of the stated grounds. While thus disagreeing with Special Term's holding that plaintiff has no capacity to sue, we are mindful of the weakness of the present amended complaint, in that it merely avers that the plot owners "have been adversely affected by the agreement". Defendant is entitled to a more precise and clearer expression of the grounds upon which plaintiff seeks termination of the agreement (CPLR 3013; 3024, subd. [a]). Under the circumstances, although the present amended complaint is therefore insufficient, plaintiff should be accorded a further opportunity to plead a cause of action. In view of our modification of the order, the judgment must accordingly be reversed. Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.